1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF WASHINGTON
10

11  MARGARET A. BEESON,                )
                                       )   No. CV-07-0289-CI
12          Plaintiff,                 )
                                       )   ORDER GRANTING DEFENDANT'S
13  v.                                 )   MOTION FOR SUMMARY JUDGMENT
                                       )   AND DENYING PLAINTIFF'S
14  MICHAEL J. ASTRUE,                 )   MOTION FOR SUMMARY JUDGMENT
    Commissioner of Social             )
15  Security,                          )
                                       )
16          Defendant.                 )
                                       )
17  _____  )

18       BEFORE THE COURT are cross-Motions for Summary Judgment noted for

19  hearing without oral argument on February 19, 2008.  (Ct. Rec. 17,

20  20.)   Attorney Maureen J. Rosette represents Plaintiff; Special

21  Assistant United States Attorney Nancy A. Mishalanie represents

22  Defendant.  The parties have consented to proceed before a magistrate

23  judge.  (Ct. Rec. 7.)  After reviewing the administrative record and

24  briefs filed by the parties, the court **DENIES** Plaintiff's Motion for

25  Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

26                              **JURISDICTION**

27       On April 12, 2002, Plaintiff Margaret Beeson (Plaintiff)

28  protectively filed for disability insurance benefits (DIB) and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

Supplemental Security Income. (Tr. 84, 393.)  Plaintiff alleged an
onset date of May 15, 2000.  (Tr. 84, 393.)  Benefits were denied
initially and on reconsideration.  (Tr. 30, 36.)  A hearing was held
before ALJ Mary B. Reed on January 14, 2004. (Tr. 408-69.) Plaintiff's
counsel was present.  (Tr. 408.)  Plaintiff testified at the hearing.
(Tr. 409-414, 440-64.)  Medical Expert Ronald M. Klein and Vocational
Expert Deborah LaPoint also testified.  (Tr. 414-40, 464-68.)  A
second hearing was held on March 30, 2005.  (Tr. 472-505.)
Plaintiff's counsel was present (Tr. 472) and Plaintiff testified.
(Tr. 473-76, 492-99.) Medical Expert Thomas McKnight and Vocational
Expert Deborah LaPoint also testified.  (Tr. 476-92, 499-504.)  On
August 22, 2005, the ALJ issued a decision finding that Plaintiff was
not disabled.  (Tr. 16-27.)  The Appeals Council denied review on
August 3, 2007.  (Tr. 7.)  Therefore, the ALJ's decision became the
final decision of the Commissioner, which is appealable to the
district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this
action for judicial review pursuant to 42 U.S.C. § 405(g) on September
10, 2007.  (Ct. Rec. 4.)

### STATEMENT OF FACTS

    The facts of the case are set forth in the administrative hearing
transcripts, the ALJ's decision, and the briefs of Plaintiff and the
Commissioner, and will therefore only be summarized here.

    Plaintiff was 39 years old at the time of the hearing. (Tr. 440.)
She was single and had no children.  (Tr. 441.)  She has a high-school
diploma and completed a cosmetology program.  (Tr. 441.)  She
testified that she worked in cosmetology during the 15 years prior to
the hearing, primarily as a hair stylist.  (Tr. 441.)  She testified
that she left her last full-time job due to personality conflicts.

(Tr. 442.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past.  If plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual

functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 15, 2000. (Tr. 25.)  At step two, the ALJ found that Plaintiff's depressive disorder and drug addiction and alcoholism, in purported remission, are severe. (Tr. 25.)  The ALJ found that Plaintiff's arthralgias are not severe. (Tr. 20.)  Next, the ALJ found that Plaintiff's history of drug and alcohol abuse is a contributing factor material to the determination of disability. (Tr. 25.)  At step three, the ALJ found that, with drug and alcohol abuse considered, the severity of the claimant's impairments meets the requirements of the listings and is expected to preclude her from working for at least 12 consecutive months. (Tr. 26.)  However, without drug and alcohol abuse considered, the ALJ concluded that

1   Plaintiff's medically determinable impairments do not meet or
2   medically equal one of the listed impairments. (Tr. 26.)

3       Next, the ALJ found the Plaintiff's allegations regarding her
4   limitations are not totally credible. (Tr. 26.) The ALJ then
5   determined:

6           Without drug and alcohol abuse considered, the claimant
            has the residual functional capacity to do work with no
7           physical limitations, but needs work that requires only
            superficial and limited interaction with the public and co-
8           workers, and she needs a nonabrasive and noncritical
            supervisor. She also needs her work goals clearly set forth
9           for her.

10  (Tr. 26.)

11      At step four, the ALJ found that Plaintiff is unable to perform
12  her past relevant work as a cosmetologist. (Tr. 26.) The ALJ
13  concluded, based on vocational expert testimony and considering the
14  types of work that the claimant is still functionally capable of
15  performing in combination with the Plaintiff's age, education and work
16  experience, that Plaintiff could be expected to make a vocational
17  adjustment to work that exists in significant numbers in the national
18  economy. (Tr. 26.) Therefore, the ALJ found that, without drug and
19  alcohol abuse considered, the Plaintiff was not under a disability as
20  defined in the Social Security Act at any time through the date of the
21  decision. (Tr. 26.)

22                            **ISSUES**

23      The issue is whether the ALJ's decision is supported by
24  substantial evidence and free of legal error. Plaintiff argues that
25  the ALJ's decision is not supported by substantial evidence and that
26  the ALJ (1) erroneously relied on the testimony of the medical expert
27  over the opinions of treating and examining physicians; and (2) failed
28  to set forth specific and legitimate reasons supported by substantial

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

1  evidence for rejecting the opinions of treating and examining
2  physicians. (Ct. Rec. 18 at 15.) Defendant responds that the ALJ's
3  decision is supported by more than a scintilla of evidence, is free of
4  legal error, and should be affirmed. (Ct. Rec. 21 at 6.)

5                           **DISCUSSION**

6  **A.    Sequential Evaluation in the Context of Substance Abuse**

7       The ALJ properly conducted the sequential evaluation and found
8  that the severity of Plaintiff's depressive disorder and drug and
9  alcohol addiction meets the requirements of a disability under the
10 Social Security Act. (Tr. 26.) However, a finding of "disabled" does
11 not automatically qualify a claimant for disability benefits.
12 *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) When there
13 is medical evidence of drug or alcohol addiction, the ALJ must
14 determine whether the drug or alcohol addiction is a material factor
15 contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a).
16 It is the claimant's burden to prove substance addiction is not a
17 contributing factor material to her disability. *Parra v. Astrue*, 481
18 F.3d 742, 748 (9th Cir. 2007).

19      Plaintiff testified that she has a 17-year history of cocaine and
20 alcohol abuse. (Tr. 474.) She testified that she stopped using
21 cocaine when she moved to Spokane in April 2002. (Tr. 474.) She also
22 stated that the last time she used alcohol was 1 year and 8 months
23 before the second hearing.[1] (Tr. 473-74.) The ALJ found that
24 Plaintiff's history of drug and alcohol abuse is a factor material to
25 the determination of disability. (Tr. 25.) Plaintiff does not

26

27      [1]The second hearing was held on March 30, 2005, so Plaintiff's
28 last alcohol use allegedly occurred around August of 2003.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

challenge this finding and the court concludes it is supported by substantial evidence.

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). The ALJ found that without drug and alcohol abuse considered, Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments. (Tr. 26.) Plaintiff does not assign error to this finding and the court concludes it is supported by substantial evidence.

The ALJ next determined Plaintiff's residual functional capacity without drug and alcohol addiction. Plaintiff's assignments of error are focused on the weight given to the medical evidence in determining Plaintiff's residual functional capacity. (Ct. Rec 18 at 15.)

**B.   Acceptable Medical Sources**

Plaintiff argues the ALJ erred by accepting the opinion of the medical expert, Dr. McKnight, over the opinions of several treating and examining counselors and psychologists. (Ct. Rec. 18 at 15.) Defendant argues the ALJ did not reject the opinions of the treating and examining providers, but qualified the opinions regarding marked limitations as resulting from Plaintiff's drug and alcohol abuse. (Ct. Rec. 21 at 10-11.) Defendant further argues the ALJ properly relied on the medical expert's opinion because it was consistent with the record as a whole. (Ct. Rec. 21 at 13.)

In a disability proceeding, the ALJ must consider the opinions of acceptable medical sources. 20 C.F.R. §§ 404.1527(d), 416.927(d).

Acceptable medical sources include, among others, licensed physicians and psychologists.[2]  20 C.F.R. §§ 404.1513(a), 416.913(a).

Unless properly rejected, a treating or examining psychologist's opinion is given more weight than that of a non-examining psychologist. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). However, the ALJ is not required to accept the opinion of a treating or examining source if that opinion is brief, conclusory and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).  However, the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)).  Cases have upheld rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831 (citing *Magallenes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on

---

[2]Other acceptable medical sources are licensed podiatrists and optometrists and qualified speech-language pathologists, in their respective areas of specialty only.  20 C.F.R. §§ 404.1513(a), 416.913.(a).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Andrews*, 53 F.3d at 1043 (conflict with opinions of five non-examining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results).  Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla, but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

**1.   Dr. Morris**

Plaintiff cites an assessment by Kevin Morris, Ph.D. (Tr. 173-76) as evidence that Plaintiff's impairments were more severe than assessed by the ALJ.  (Ct. Rec. 18 at 16.)  However, as noted by the ALJ, this assessment was conducted while Plaintiff was actively using drugs and alcohol.  (Tr. 23.)  The conclusions made in the assessments were colored by Plaintiff's substance abuse and are, therefore, not probative to determining Plaintiff's capacity without drugs and alcohol.  Thus, the ALJ did not err in rejecting the opinions of Dr. Morris as to Plaintiff's limitations without drugs and alcohol.

**2.   Dr. Bailey**

Plaintiff cites three opinions by James E. Bailey, Ph.D., which assess impairments ranging from moderate to marked.  (Ct. Rec. 18 at 16, 17.)  Dr. Bailey evaluated Plaintiff on February 5, 2003, March 4, 2004, and August 9, 2004.  He variously indicated that Plaintiff had marked functional mental disorders, including depressed mood, motor

agitation, expression of anger, global illness and physical complaints. (Tr. 235, 318, 326.) Over the three reports, he also assessed marked limitations in the ability to perform routine tasks, the ability to relate appropriately to co-workers and supervisors, the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, the ability to exercise judgment and make decisions and the ability to interact appropriately in public contacts. (Tr. 236, 318, 327.) Plaintiff argues that the ALJ did not provide specific, legitimate reasons supported by substantial evidence in the record for rejecting Dr. Bailey's opinions and that they should have been credited as a matter of law. (Ct. Rec. 18 at 19.)

The ALJ determined that Dr. Bailey's February 5, 2003, evaluation was conducted while Plaintiff was still using drugs and alcohol. (Tr. 23.) Although Dr. Bailey noted on all three of his reports that Plaintiff reported no current alcohol use, she admitted alcohol use at least up to August 2003.[3] (Tr. 410, 473-74.) Thus, it was reasonable

---

[3]The ALJ concluded the Plaintiff was not credible and, therefore, found Plaintiff's statements about her pain, symptoms and limitations unpersuasive. (Tr. 26, 23.) Specifically, the ALJ noted a number of inconsistent statements by the Plaintiff regarding her drug and alcohol use and that Plaintiff has not been entirely compliant in taking her prescription medications. (Tr. 23.) The ALJ also pointed out the Plaintiff's daily activities are not as limited as expected, given the complaints of disabling symptoms and limitations. (Tr. 23.) The Plaintiff has not challenged the credibility finding and the court concludes it is supported by clear and convincing evidence as required

for the ALJ to infer that Dr. Bailey's first report was colored by Plaintiff's substance abuse and to disregard its conclusions in determining her residual functional capacity without substance abuse.

The ALJ listed a number of inconsistencies in Dr. Bailey's assessments of March 2004 and August 2004 pointed out by the medical expert, Dr. McKnight. (Tr. 21.)  Dr. Bailey found Plaintiff had major depression, but she had no Axis II diagnosis.  (Tr. 315.)  Dr. Bailey said Plaintiff's persistence is limited (Tr. 316, 324), yet found her cognitively intact. (Tr. 313-15, 322-24.)   Dr. Bailey tested Plaintiff's intelligence quotient and memory and noted they were within normal limits (Tr. 315, 323-24) and that her daily activities were mostly independent (Tr. 316, 324), yet he assessed marked limitations in various areas inconsistent with the test results and observations. (Tr. 318-19, 326-27.)   Dr. Bailey also indicated Plaintiff was not mentally ill.   (Tr. 320, 328.)   Many of the inconsistencies pointed out by Dr. McKnight and adopted by the ALJ are based on objective evidence which exists notwithstanding Dr. McKnight's testimony.

The ALJ also cited other notes in Dr. Bailey's reports which seem inconsistent with his conclusions about Plaintiff's limitations.  The ALJ cited Dr. Bailey's first evaluation, which noted that Plaintiff rode her bike 2 miles to her appointment and was mostly independent with her activities of daily living. (Tr. 18, 230, 233.) He opined that she appeared to be cognitively intact, but she seemed to have trouble with bosses and the public.  (Tr. 18, 233.)  In his second report, Dr. Bailey noted that Plaintiff was mostly independent in her

by *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

activities of daily living, but her persistence and pace were poor, mostly due to depression. (Tr. 18, 316.) However, her verbal IQ was 94, performance IQ was 107, and full scale IQ was 100, all in the average range of functioning. (Tr. 18, 315.) In his third report, Dr. Bailey indicated that Plaintiff reported being in bed 16 hours a day, but that she again rode her bike to the interview. (Tr. 19, 321.) He concluded that in terms of concentration and persistence, she should be able to do some multi-step tasks. (Tr. 19, 324.)

Inconsistency between a psychologist's functional assessment and his own written report and test results can constitute substantial evidence to reject the opinion of an examining physician. *See Roberts*, 66 F.3d at 184. While the ALJ did not directly state that Dr. Bailey's conclusions were rejected, the ALJ specifically pointed out so many inconsistencies in his reports that it is clear why the opinions were given little weight. An incantation that a physician's report is rejected is not required; the court may draw reasonable inferences from the ALJ's discussion of a particular physician's report. *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The inconsistencies noted by the ALJ along with those pointed out by Dr. McKnight constitute specific, legitimate reasons supported by substantial evidence for discounting Dr. Bailey's opinions.

Plaintiff argues the ALJ erred by stating, "With respect to the examining physicians who found that the claimant had marked limitations, it is noted that these exams were done while the claimant was using drugs and alcohol." (Tr. 23.) The ALJ then cited the

reports of Ted Ritter[4] (Tr. 145, 152), Dr. Morris (Tr. 173), and Dr. Bailey's first report (Tr. 230).  The exams on which these reports were based all occurred before August 2003, Plaintiff's alleged last alcohol use date.[5]  Plaintiff correctly points out that Dr. Bailey's second and third examinations occurred after that date and that those reports included numerous marked limitations.  Thus, the ALJ's assertion that all marked limitations were assessed while Plaintiff was using drugs and alcohol was erroneous.  However, because Dr. Bailey's reports were internally inconsistent and inconsistent with the other evidence in the record, the ALJ appropriately gave them little weight.  The outcome of this decision would not change without the error; therefore, the error is harmless.[6]  *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (noting harmless error occurs when the ALJ's error is inconsequential to the ultimate nondisability determination).

**3.   Dr. Rosekrans**

Plaintiff also cites the opinion of Frank. M. Rosekrans, Ph.D., another examining psychologist, as supportive of additional functional

---

[4]Assessments by Ted Ritter, ARNP, are discussed later in this decision.

[5]The ALJ apparently gave the Plaintiff the benefit of the doubt with respect to her alleged sobriety for purposes of the decision, notwithstanding the ALJ's credibility finding.

[6]It is also noted in passing, the record reflects that even after months of abstinence, alcohol and cocaine history can nevertheless contribute to mood disorder.  *See* Report of Frank M. Rosekrans, Ph.D., at Tr. 299.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -15

limitations. (Ct. Rec. 18 at 19.) The ALJ requested a consultative examination of Plaintiff after the first administrative hearing because her drug and alcohol abuse was in purported remission. (Tr. 23.) Dr. Rosekrans examined Plaintiff on February 12, 2004, and diagnosed her with depression and a personality disorder. (Tr. 299.) As the ALJ pointed out, Dr. Rosekrans found that Plaintiff's alcohol and cocaine history continued to contribute to her depression. (Tr. 23, 299.)

Even with alcohol and cocaine history as contributing factors, Dr. Rosekrans found only a few moderate functional limitations. He indicated that Plaintiff would have moderate limitations in performing activities within a schedule, maintaining regular attendance and being punctual; completing a normal workday or work week; performing at a consistent pace; and accepting instructions and responding appropriately to criticism from supervisors. (Tr. 300-01.)

Dr. Rosekrans' objective testing showed the Plaintiff's mental status and memory were within normal limits and he opined that her IQ was average, consistent with Dr. Bailey's objective test results. (Tr. 296-98.) The ALJ noted that the score of the Minnesota Multiphasic Personality Inventory-II conducted by Dr. Rosekrans was elevated, indicating that Plaintiff was overreporting symptoms. (Tr. 23, 307.)

It was reasonable for the ALJ to infer that Plaintiff's limitations without the effects of drug and alcohol abuse would be something less than those limitations identified by Dr. Rosekrans. Dr. Rosekrans expressly linked Plaintiff's problems to her drug and alcohol abuse. Thus, the ALJ correctly declined to apply the limitations identified by Dr. Rosekrans to an analysis of Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16

1   limitations without drug and alcohol abuse.  The ALJ did not expressly
2   reject Dr. Rosekrans' report, but she provided specific, legitimate
3   reasons which are supported by substantial evidence for not applying
4   its conclusions to her finding of Plaintiff's residual functional
5   capacity without substance abuse and therefore, the ALJ did not err.

6   **4.   Medical Expert**

7        The medical expert, Dr. McKnight, pointed out a number of
8   discrepancies in the medical record which the ALJ found persuasive.
9   (Tr. 21.)  The ALJ cited the inconsistencies in the medical record
10  observed by Dr. McKnight in detail.  (Tr. 21.)  Dr. McKnight noted
11  Plaintiff's history of substance abuse and testified that alcohol is
12  a depressant and can accentuate depression.  (Tr. 483-84.)  He
13  concluded that, without alcohol or drug abuse, Plaintiff should be
14  limited to superficial interaction with the public and coworkers, that
15  she needs a nonabrasive, noncritical supervisor, and that her work
16  goals should be set out for her. (Tr. 484-88.)  The ALJ pointed out
17  that Dr. McKnight's opinion was consistent with the opinion of Dr.
18  Klein, the medical expert who testified at the first administrative
19  hearing.  Dr. Klein testified that Plaintiff has a substance induced
20  mood disorder and that her mental problems primarily relate to that
21  disorder.  (Tr. 417-18.)  The ALJ also cited the opinion of Dr.
22  Palmer, M.D., who performed a psychological evaluation of Plaintiff on
23  August 15, 2002.  (Tr. 21, 184.)  Dr. Palmer diagnosed dysthymia,
24  substance-induced mood disorder, probable alcohol dependence and
25  cocaine dependence, in remission.  (Tr. 185-86.)

26       It was reasonable for the ALJ to conclude that Dr. McKnight's
27  opinion is consistent with the evidence.  (Tr. 21.)  As discussed
28  elsewhere in this opinion, the ALJ may rely on the opinion of a non-

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -17

examining physician when the opinion is supported by substantial evidence in the record. *See Andrews,* 53 F.3d at 1043. In this case, the only opinion from an acceptable medical source consistent with the evidence in the record and relevant to Plaintiff's limitations without drug or alcohol abuse is Dr. McKnight's. Therefore, the ALJ did not err in relying on Dr. McKnight's opinion in determining Plaintiff's residual functional capacity.

**C.    Other Sources**

Plaintiff cites the opinions of Ted Ritter, ARNP (Ct. Rec. 18 at 16, Tr. 145-46) and diagnoses from Family Service Spokane (Ct. Rec. 18 at 16, Tr. 278) as evidence that Plaintiff is more limited than determined by the ALJ. Plaintiff also references Global Assessment of Functioning scores of 44 to 50 recorded by sources at Spokane Mental Health and Family Service Spokane. (Ct. Rec. 18 at 17.)

Mr. Ritter and the case managers at Spokane Mental Health and Family Service Spokane are "other source" opinions under the regulations. "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -18

ALJ is obligated to give reasons germane to "other source" testimony before discounting it. With respect to Ted Ritter, ARNP, the ALJ noted that Plaintiff was actively using drugs and alcohol at the time of his evaluation. (Tr. 23.) This is a legitimate and germane reason for discounting the assessment for purposes of determining Plaintiff's limitations without substance abuse.

The ALJ summarized the mental health services provided to Plaintiff from October 2002 to October 2004 by Family Service Spokane. (Tr. 19.) Colleen Mazurik, MSW, Chris Coppen, MSW, LASW, and Carolyn Byrd, MSW, MHP, provided mental health services to Plaintiff and made notes of their contacts with her. (Tr. 254-65, 366-88.) While Plaintiff correctly notes that Plaintiff was seen for major depressive disorder, recurrent and moderate and alcohol and methamphetamine dependence, Plaintiff does not point to any other evidence in the Family Service Spokane records which supports a finding that Plaintiff is disabled.

To the contrary, the ALJ highlighted that in 2004, the records from Family Service Spokane reveal Plaintiff missed a number of appointments. (Tr. 370-77.) In September 2004, Plaintiff stated that she had always been depressed and coped by drug abuse. (Tr. 375.) Plaintiff seemed ambivalent about therapy, told her caseworker that she only attends appointments to satisfy DSHS and SSI requirements and that she only needs medication management. (Tr. 380.) These records are consistent with the ALJ's findings and are part of the substantial evidence supporting them.

The ALJ also addressed medical records from Spokane Mental Health. (Tr. 19.) Plaintiff cites Global Assessment of Functioning

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -19

Scores (GAF) of 44-50[7] assessed by various registered nurses on medication management forms as evidence of disability. *See, e.g.*, Tr. 278, 281. However, the scores are not supported by any notes or explanations and were not assessed by acceptable medical sources. The ALJ pointed to other more probative information in the Spokane Mental Health records, including notes indicating that Plaintiff discontinued her medication several times. (Tr. 19, 275, 340).

Based on the foregoing, the court concludes that the ALJ considered and gave appropriate weight to the opinions of "other sources."

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, the court finds the ALJ did not err in weighing the medical opinion evidence and made a proper determination of Plaintiff's residual functional capacity without drug and alcohol abuse. The ALJ properly conducted a step four and step five analysis and the ALJ's decision that Plaintiff is capable of making a vocational adjustment to work that exists in significant numbers in the national economy is supported by substantial evidence. Plaintiff is thus not disabled within the meaning of the Social Security Act. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED.**

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is

---

[7]A Global Assessment of Functioning (GAF) score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -20

1    **GRANTED.**

2          3.    The District Court Executive is directed to file this Order

3    and provide a copy to counsel for Plaintiff and Defendant. Judgment

4    shall be entered for Defendant and the file shall be **CLOSED**.

5          DATED October 30, 2008.

6

7                              S/ CYNTHIA IMBROGNO
                       UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -21